UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTONIO MCKINNEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00367-SDN |
| | ) | |
| LEWISTON POLICE DEPARTMENT, et al., | ) ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges a police department and county jail violated his constitutional rights and a state public records law. (Complaint, ECF No. 1.) With his complaint, Plaintiff filed an application to proceed without prepayment of fees, (Application, ECF No. 2), which application the Court granted. (Order, ECF No. 5.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**LEGAL STANDARD**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a

claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

**FACTUAL ALLEGATIONS**

Plaintiff encountered officers from the Lewiston Police Department on March 29, 2023, and on July 5, 2025. After the July 2025 incident, Plaintiff submitted separate records requests to the Lewiston Police Department and the Androscoggin County Jail pursuant to Maine's Freedom of Access Act, 1 M.R.S.A. § 400, et seq. As of the filing of the complaint on July 15, 2025, Plaintiff had not received any response from Defendants.

Plaintiff contends that Defendants' failure to provide the requested information is in retaliation for Plaintiff's filing various complaints and lawsuits against them. Plaintiff maintains that Defendants' actions infringe upon his First Amendment rights.

### DISCUSSION

To state a First Amendment retaliation claim, the plaintiff "must show that [the plaintiff] engaged in protected activity, that defendants took an adverse action against [the plaintiff] that would deter a [plaintiff] of ordinary firmness from continuing to engage in that conduct, and that there is a causal link between the protected activity and the adverse action." *Turner v. Wall*, No. 18-1869, 2020 WL 5543935, at *1 (1st Cir. May 5, 2020).

Plaintiff asserts that he requested the records on July 7, 2025. Plaintiff evidently contends that Defendants' failure to respond to the records request by July 15, 2025, the date of his complaint, constitutes the adverse action necessary to support a First Amendment claim because the incidents about which he complained occurred before the requests. Plaintiff, however, has not alleged any facts regarding the substance of any complaints nor any facts from which a fact finder could reasonably infer that the failure to provide the requested information within eight days of the request (i.e., the time between the requests and the date of Plaintiff's complaint) is causally related to any protected activity in which Plaintiff engaged or that Defendants' conduct would deter a person of ordinary firmness from making such complaints. Plaintiff, therefore, has not alleged sufficient facts to support a First Amendment retaliation claim.

Because Plaintiff has not alleged facts to establish a violation of his First Amendment rights, Plaintiff has not alleged a federal claim. Plaintiff also asserts a claim

based on alleged violations of Maine's Freedom of Access Act, but given the early stage of the proceeding, the Court should not exercise supplemental jurisdiction over any state law claims. *See Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"). Accordingly, dismissal of the matter is warranted.

## CONCLUSION

For the reasons stated above, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of November, 2025.